IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY BERNARD WILLIAMS                                                        PLAINTIFF

       v.                              Civil No. 4:10-cv-04085

FORMER CORPORAL TRACEY SMITH,
Miller County Detention Center; FORMER
CORRECTIONAL OFFICER SONYA SMITH,
Miller County Detention Center; WARDEN TURNER;
and NURSE WILLIAMS                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Tracy Bernard Williams, currently an inmate of the Arkansas Department of Correction, Diagnostic Unit, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Separate Defendant Nurse Williams has filed two motions to dismiss (Doc. 9 & Doc. 31). Plaintiff has filed responses to both motions (Doc. 15 & Doc. 34). The motions are before me for issuance of this report and recommendation.

### I.  BACKGROUND

At the time he filed this complaint, Plaintiff was an inmate of the Miller County Correctional Facility (MCCF). He initially named as Defendants Corporal Tracey Smith and Officer Sonya Smith. According to the allegations of the complaint (Doc. 1), on May 22, 2010, Corporal Smith and Officer Smith used excessive force against Plaintiff by shoving him into the wall multiple times, spraying him with pepper spray at least three times, and fastening the handcuffs on his wrists too tightly. As a result, he maintains he lost feeling in his feet and his hands, was coughing up blood, and his hands and wrists were swollen.

On August 30, 2010, Plaintiff filed a motion to amend his complaint (Doc. 6). He sought

leave, and was granted permission, to add Warden Turner and Nurse Williams as Defendants and add a retaliation claim. He alleges the following retaliatory acts: interference with his legal mail on May 25, 2010, and May 27, 2010; refusal on the part of Nurse Williams to document his injuries or provide him with treatment for the injuries; putting him in isolation; and failing to distribute his daily medication.

## II.  DISCUSSION

As noted above, Nurse Williams has filed two separate motions to dismiss. In the first (Doc. 9), she maintains the complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the second (Doc. 31), she moves for dismissal for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Each motion will be addressed in turn.

### (A).  Failure to State a Claim (Doc. 9)

Nurse Williams maintains Plaintiff's request that she assess his wrists for injury and make a report so that he could press charges against the officers involved amounts to a demand that she generate a witness statement. She maintains that as Health Services Administrator of the MCDF, the law places no duty on her to generate a witness statement based on a demand made by an inmate.

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on

-2-

the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility] standard. First, the court must take the plaintiff's factual allegations as true. This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may properly be set aside." *Braden*, 588 F.3d at 594 (citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

Applying these principles, Nurse Williams' motion must be denied.  While she may not have a duty to generate a witness statement, the law is clear that detainees have a right to adequate medical care and that actions taken for retaliatory reasons are unconstitutional.  A plausible claim is stated against Nurse Williams.  *See Christian v. Wagner*, 623 F.3d 608, 612 (8th Cir. 2010)(Both the Eighth and Fourteenth Amendments impose duties on detention officials to ensure detainees receive adequate medical care); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)(A prisoner has a clearly established First Amendment right to seek redress for grievances).

**(B).  Lack of Subject Matter Jurisdiction** (Doc. 31)

Nurse Williams maintains that no justiciable claim or controversy exists because Plaintiff has been transferred to a separate facility in the Arkansas Department of Correction (ADC).  Nurse Williams contends the Plaintiff seeks only injunctive and declaratory relief and those claims are moot.  The gist of Plaintiff's response is that he is seeking damages for the injuries and physical pain and suffering he sustained as a result of the actions of the Defendants.

Plaintiff's claims for declaratory and injunctive relief have been mooted by his transfer to the ADC.  *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).  While Nurse Williams reads the pleadings in this case to only include claims for injunctive relief, I find this reading to be too narrow. It is true that Plaintiff does not specifically state he is seeking actual or compensatory damages; however he states a number of times that he has sustained injuries as a result of the Defendants' unconstitutional conduct.  *Pro se* complaints are to be liberally construed and *pro se* litigants are held to a lesser pleading standard.  *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010). Plaintiff's claims for nominal and/or compensatory damages have not been rendered moot.  *See Pool v. Missouri Dept. of Corrections and Human Resources*, 883 F.2d 640, 644 (8th Cir. 1989)(right to obtain damages is not destroyed by his being transferred to another unit).  The motion to dismiss

(Doc. 31) should be denied.

### III.  CONCLUSION

I therefore recommend that the motions to dismiss (Doc. 9 & Doc. 31) be denied.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this  21st day of July 2011.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE